UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BUC-EE'S, LTD., § <br> § <br> Plaintiff, § <br> § CIVIL ACTION NO. _____ <br> v. § <br> § <br> PAR HAWAII, LLC, § **JURY DEMANDED** <br> § <br> Defendant. § | |

## COMPLAINT

Plaintiff Buc-ee's, Ltd. ("Plaintiff" or "Buc-ee's"), appearing through its undersigned counsel, alleges as follows:

## NATURE OF ACTION AND JURISDICTION

1. This is an action for trademark infringement, unfair competition, and cancellation of trademark registrations under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*; and for trademark infringement, unfair competition, trademark dilution, and unjust enrichment under Texas law.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendant due to its residency and business activities in this judicial district.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) as Defendant resides in this judicial district.

## PARTIES

5. Plaintiff is a Texas limited partnership with a principal place of business at 327 FM 2004, Lake Jackson, Texas 77566.

6. On information and belief, Defendant Par Hawaii, LLC is a Delaware limited liability company with a principal place of business at 825 Town & Country Lane, Suite 1500, Houston, Texas 77024.

## FACTS

### BUC-EE'S AND ITS TRADEMARKS

7. Plaintiff owns and operates a chain of stores and travel centers under the name Buc-ee's. For over four decades, Plaintiff has offered high quality convenience store, gas station, and related goods and services to the public through its Buc-ee's stores.

8. In connection with these goods and services, Plaintiff has long and continuously used the distinctive logo shown below, featuring a cartoon animal with wide eyes and a smile, overlaying a round background (the "Buc-ee's Logo").

 

9. Plaintiff's stores are not like other convenience stores. They are "highway oases," as *Texas Monthly* put it in 2019. For legions of fans, Buc-ee's "has become the rare brand—like Apple and Costco—that inspires loyalty that goes well beyond rational consumer calculations." See **Exhibit A**. Over 10,000 customers visited Buc-ee's in New Braunfels on opening day in 2012. Consumers likewise began lining up at 6:00 a.m. when Plaintiff opened its Fort Worth store in

2016. Out-of-state visitors often remark: "I was told we couldn't go to Texas without stopping here."

10. Plaintiff and the Buc-ee's Logo have become iconic brands. A segment about Buc-ee's that aired on CBS News' nationally syndicated Sunday Morning program begins: "We all know that feeling. You're out on the open road. Your gas tank is empty, and your bladder is full. Well in Texas, a lot of folks in this predicament, look for [Plaintiff's] cartoon beaver." The segment goes on to compare the Buc-ee's Logo's renown to Mickey Mouse, observing: "Perhaps not since Mickey Mouse has a cartoon rodent captured the hearts . . . of so many." *See* **Exhibit B**.

11. The Buc-ee's Logo prominently appears on large pole signs visible from the highway, above entrances to Buc-ee's stores, on top of the gas-pump canopies, on signage inside the stores, and on an array of Buc-ee's branded products and apparel sold in-store.

  

12. Plaintiff has grown its business from a single convenience store in the Lake Jackson, Texas area to more than 50 stores across Florida, Texas, Missouri, Alabama, Georgia, South Carolina, Tennessee, Kentucky, Mississippi, Virginia, and Colorado. Additional stores are in the planning or construction phases in several more states, including Arizona, Arkansas, Kansas, North Carolina, Ohio, Wisconsin, Louisiana, Utah, and Idaho.

13. The Buc-ee's Logo is inherently distinctive and serves to identify and indicate the source of Plaintiff's products and services to the consuming public.

3

14. The Buc-ee's Logo has become distinctive in the marketplace to designate Plaintiff, to distinguish Plaintiff and its offerings from those of others, and to distinguish the source or origin of Plaintiff's offerings. The consuming public in Texas and elsewhere in the United States widely recognizes and associates the Buc-ee's Logo with Plaintiff.

15. As a result of Plaintiff's long use and promotion of the Buc-ee's Logo, Plaintiff has acquired valuable common law rights in the Logo.

16. As a result of over 40 years of extensive, continuous, and substantially exclusive use of the Buc-ee's Logo within the State of Texas, the Logo is famous within Texas pursuant to TEX. BUS. & COM. CODE § 16.103.

17. In accordance with the provisions of federal and state law, Plaintiff has registered the Buc-ee's Logo on the Principal Register of the United States Patent and Trademark Office and with the Texas Office of the Secretary of State in connection with a wide variety of goods and services, including "[r]etail store services featuring convenience store items and gasoline." *See* U.S. Reg. Nos. 4,316,461; 4,007,064; 7,419,559; 3,246,893; and 4,973,185; Tex. Reg. No. 45055. True and correct copies of these registrations are attached as **Exhibit C**.

18. Plaintiff's registrations are valid and subsisting, and all but U.S. Reg. No. 7,419,559 are incontestable pursuant to 15 U.S.C. § 1065.

## DEFENDANT AND ITS UNLAWFUL ACTIVITIES

19. On information and belief, Defendant owns and operates a chain of stores offering convenience store, gas station, and related products and services.

20. Defendant is the record owner of U.S. Reg. Nos. 7,716,741 and 7,716,742 ("Defendant's Registrations") for the logos shown below in connection with "retail store services

4

featuring convenience store items and gasoline; Retail store services featuring convenience store items" in Class 35.

 

21. The applications resulting in U.S. Reg. Nos. 7,716,741 and 7,716,742 were filed on July 19, 2023, and U.S. Reg. Nos. 7,716,741 and 7,716,742 issued on March 4, 2025.

22. The design marks shown in U.S. Reg. Nos. 7,716,741 and 7,716,742 are hereinafter referred to as "Defendant's Logos."

23. Like the Buc-ee's Logo, Defendant's Logos incorporate a cartoon animal with wide eyes and a smile, overlaying a round background.

24. On October 31, 2024, Defendant filed with the USPTO Statements of Use (attached hereto as **Exhibit D**; screenshots of the Statements of Use are shown below), attesting to its use of Defendant's Logos at <u>nomnomstore.com</u> ("Defendant's website").





25. However, on information and belief, Defendant's website historically has contained no evidence of use in commerce of Defendant's Logos, let alone use in connection with the services in the applications resulting in the Registrations.

5

26. For instance, historical web captures of Defendant's website in April 2024 (just months before the Statements of Use were filed) and November 17, 2024 (just weeks after the Statements of Use were filed) show no evidence of use in commerce of Defendant's Logos, let alone use in connection with the services in the applications resulting in the Registrations. *See* **Exhibit E**.

27. Additionally, current screenshots of Defendant's website, captured on February 13, 2026, show no use in commerce of Defendant's Logos. *See* **Exhibit F**.

28. On information and belief, and after reasonable investigation, Plaintiff was unable to locate any evidence of Defendant's use in commerce of Defendant's Logos on Defendant's website or elsewhere, including on or around the filing date of Defendant's Statements of Use.

29. Accordingly, on information and belief, Defendant was not using Defendant's Logos in connection with the services in the applications resulting in the Registrations when it filed its Statements of Use.

30. Instead, on information and belief, Defendant is using other logos featuring the same cartoon animal with wide eyes and a smile in connection with its goods and services, examples of which are shown below.

  

31. Together with Defendant's Logos, Defendant's uses described in paragraph 30 above are hereinafter referred to as the "Infringing Marks." Defendant's Infringing Marks are promoted online, including within this judicial district.

32. On information and belief, Defendant had prior knowledge of Plaintiff's Buc-ee's Logo before it began using the Infringing Marks in connection with its chain of stores offering convenience store, gas station, and related products and services.

33. Plaintiff has never authorized Defendant to use and/or register the Infringing Marks. Thus, Defendant has used and promoted the Infringing Marks in commerce without Plaintiff's authorization.

34. Defendant's use of the Infringing Marks began long after Plaintiff developed rights in the Buc-ee's Logo and after the Buc-ee's Logo became famous in the State of Texas.

## EFFECTS OF DEFENDANT'S UNLAWFUL ACTIVITIES

35. Defendant's unauthorized use of the Infringing Marks is likely to cause confusion among consumers. Consumers are likely to perceive a connection or association as to the source, sponsorship, or affiliation of the parties' products and services, when in fact none exists.

36. Defendant's unauthorized use of the Infringing Marks falsely designates the origin of its products and services and falsely represents circumstances with respect to Defendant and its products and services.

37. Defendant's unauthorized use of the Infringing Marks enables Defendant to trade on the goodwill built up at great labor and expense by Plaintiff over many years, and to gain acceptance for its goods and services not solely on its own merits, but on the reputation and goodwill of Plaintiff, its Buc-ee's Logo, and its products and services.

38. Defendant's unauthorized use of the Infringing Marks is likely to dilute the Buc-ee's Logo in the State of Texas.

39. Defendant's unauthorized use of the Infringing Marks unjustly enriches Defendant at Plaintiff's expense. Defendant has been and continues to be unjustly enriched by obtaining a benefit from Plaintiff by taking undue advantage of Plaintiff and its goodwill. Specifically, Defendant has taken undue advantage of Plaintiff by trading on and profiting from the goodwill in the Buc-ee's Logo developed and owned by Plaintiff, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business.

40. Defendant's unauthorized use of the Infringing Marks removes from Plaintiff the ability to control the quality of products sold under the Buc-ee's Logo. This places the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

41. Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

42. Plaintiff repeats the allegations above as if fully set forth herein.

43. The acts of Defendant complained of herein constitute infringement of Plaintiff's federally registered Buc-ee's Logo in violation of 15 U.S.C. § 1114(1).

44. On information and belief, Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the Buc-ee's Logo and with intent to cause confusion and to trade on Plaintiff's vast goodwill in the Buc-ee's Logo. In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(A))

45. Plaintiff repeats the allegations above as if fully set forth herein.

46. The acts of Defendant complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Plaintiff has been damaged by Defendant's acts of trademark infringement, false designation or origin, false or misleading descriptions or representations of fact, and unfair competition.

## COUNT III: COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

48. Plaintiff repeats the allegations above as if fully set forth herein.

49. The acts of Defendant complained of herein constitute common law trademark infringement and unfair competition in violation of the common law of the State of Texas.

## COUNT IV: DILUTION UNDER TEXAS LAW

50. Plaintiff repeats the allegations above as if fully set forth herein.

51. The acts of Defendant complained of herein constitution dilution by blurring of Plaintiff's famous Buc-ee's Logo in violation of Texas Business and Commerce Code § 16.103.

52. Defendant willfully intended to trade on the recognition of the famous Buc-ee's Logo.

## COUNT V: CANCELLATION OF REGISTRATION
## (15 § U.S.C. 1119 and 28 § U.S.C. 2201)

53. Plaintiff repeats the allegations above as if fully set forth herein.

54. This Court has the power under 15 § U.S.C. 1119 and 28 § U.S.C. 2201 to determine Defendant's right to registration of Defendant's Logos as shown in Defendant's Registrations.

55. Defendant's Logos as shown in Defendant's Registrations so resemble Plaintiff's Buc-ee's Logo as to be likely to cause confusion, or to cause mistake, or to deceive. Defendant's Registrations should therefore be cancelled under 15 U.S.C. § 1052(d).

56. Defendant's Registrations should also be cancelled under 15 U.S.C. § 1051(a) because, on information and belief, they are *void ab initio* as Defendant was not using Defendant's Logos in connection with the services in the applications resulting in the Registrations when it filed its Statements of Use.

57. Additionally, on information and belief, Defendant's Logos are not currently being used by Defendant, have not been used by Defendant for over a year, and Defendant has no intent to resume use of the Logos. Defendant's Registrations should therefore be cancelled under 15 U.S.C. § 1127, as well.

58. Plaintiff petitions the Court to issue an order certified to the Director of the USPTO cancelling Defendant's Registrations for Defendant's Logos pursuant to 15 § U.S.C. 1119 and 28 § U.S.C. 2201.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands that:

(a) Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from designing, displaying, advertising, offering for sale, manufacturing, shipping, delivering, selling, or promoting any product that incorporates or is marketed in conjunction with the Infringing Marks, the Buc-ee's Logo, and/or any other mark, name, or design confusingly similar to (or likely to cause dilution of) the Buc-ee's Logo, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

(b) Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and destroy all products, packaging, signage, advertisements, internet postings and advertisements, and any other materials bearing or using the Infringing Marks, Plaintiff's Buc-ee's Logo, and/or any other mark, name, or design confusingly similar to (or likely to cause dilution of) the Buc-ee's Logo;

(c) Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(d) Plaintiff recover all damages it has sustained as a result of Defendant's infringement, unfair competition, and dilution, and that said damages be trebled;

e) An accounting be directed to determine Defendant's profits resulting from Defendant's activities, and that such profits be paid over to Plaintiff;

f) The Court determine that Defendant is not entitled to registration of the logos that are the subject of U.S. Reg. Nos. 7,716,741 and 7,716,742, and certify an Order pursuant to 15 U.S.C. § 1119 cancelling U.S. Reg. Nos. 7,716,741 and 7,716,742 to the USPTO Director, who shall make appropriate entry upon the records of the USPTO and shall be controlled thereby;

g) Plaintiff recover its reasonable attorneys' fees;

h) Plaintiff recover its costs of this action and prejudgment and postjudgment interest; and

i) Plaintiff recover such other relief as the Court may find appropriate.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues triable by jury under Federal Rule of Civil Procedure 38.

Dated: February 17, 2026

/s/ *Alexandra H. Bistline*
Alexandra H. Bistline
*Attorney-In-Charge*
Texas Bar No. 24092137
S.D. Tex. Bar No. 2627667
PIRKEY BARBER PLLC
1801 East Sixth Street, Suite 300
Austin, Texas 78702
Telephone: (512) 322-5200
Fax: (512) 322-5201
abistline@pirkeybarber.com

*Of Counsel*:

Jered E. Matthysse
Texas Bar No. 24072226
S.D. Tex. Bar No. 1115779
PIRKEY BARBER PLLC
1801 East Sixth Street, Suite 300
Austin, Texas 78702
Telephone: (512) 322-5200
Fax: (512) 322-5201
jmatthysse@pirkeybarber.com

*ATTORNEYS FOR PLAINTIFF*